# United States Court of Appeals
# for the Fifth Circuit

No. 20-40643

Texas Alliance for Retired Americans; Sylvia Bruni; DSCC; DCCC,

*Plaintiffs—Appellees,*

*versus*

Ruth Hughs, *in her official capacity as the Texas Secretary of State*,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CV-128

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

IT IS ORDERED that the motion to reconsider sanctions is GRANTED in part[1] and DENIED it in part.

---

[*] Judge Haynes concurs in part and dissents in part: as she stated in the original ruling, she disagrees with granting the sanctions. Thus, she would grant reconsideration in full rather than only to the junior attorneys.

[1] The motion for reconsideration argues, and the Secretary agrees, that the mitigating factor of relative inexperience should be considered with respect to the junior attorneys. *See In re Ramos*, 679 F. App'x 353, 358 (5th Cir. 2017). We agree. The motion

No. 20-40643

In our March 11, 2021 order, we granted the Secretary's motion to sanction appellees' counsel.² We imposed sanctions because appellees' counsel violated their duty of candor and our local rules by filing a duplicative motion to supplement the record, without making any reference to the fact that a previous and nearly identical motion to supplement the record had already been denied. Appellees' counsel have now retained their own counsel regarding the sanctions order and, through their counsel, move for reconsideration of the imposed sanctions. We have carefully studied the motion for reconsideration, the response, and the reply.

I.

The sanctions imposed in this case were justified and supported by our rules and precedent. First, sanctions were appropriate because appellees' counsel violated local rules. We are not required to find bad faith

---

for reconsideration is granted and sanctions are vacated as to attorneys Lalitha D. Madduri, Daniel C. Osher, and Stephanie I. Command. However, the motion to reconsider is denied and sanctions will remain in place, as issued originally, for the more senior attorneys, partners Marc E. Elias and Bruce V. Spiva, who each has nearly thirty years' legal experience, and for Skyler M. Howton, who has at least eight years' experience and who was the attorney who signed both the September and February motions to supplement.

² In brief, the relevant procedural history is as follows. The Texas Secretary of State filed a notice of appeal on September 28, 2020. On the same day, the Secretary filed an emergency motion for a temporary administrative stay of the district court's preliminary injunction and a stay pending appeal. Our court granted the motion for a temporary administrative stay and ordered expedited briefing regarding the motion for stay pending appeal. On September 29, 2020, appellees filed an opposed motion to supplement the record, which our court denied. On September 30, 2020, the panel issued its opinion granting the emergency motion for stay pending appeal. A briefing notice was issued as to the merits of the case. Relevant here, appellees filed their brief on February 10, 2021, along with an opposed motion to supplement the record. The new motion to supplement the record was nearly identical to the motion to supplement the record that had been denied in September and made no mention to that earlier adverse ruling.

when imposing sanctions for violations of local rules. *E.g.*, *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016). Our court's local rules permit us to discipline "any member of the bar of this Court for failure to comply with the rules of this Court, or for conduct unbecoming a member of the bar." 5th Cir. R. 46 I.O.P., *Disciplinary Action*.

Appellees' counsel wrote their February motion to supplement as if it were the first of its kind even though it was nearly identical to the motion they had previously filed, which had been denied. We, the motions panel who received the duplicative motion, construed it as a motion for reconsideration of the original single-judge order under our local rules 27.2 and 40—but because of its untimeliness, it violated those rules. *See* 5th Cir. R. 27.2, 40.

In their instant motion for reconsideration, appellees' counsel insist that they thought that the new motion would go to a different panel—the merits panel.[3] *See* Mot. at 8 ("Movants now understand that they picked the wrong vehicle to ask the merits panel to consider the question of supplementing the record . . . ."). The motion also discusses at length how a motions panel ruling is not the law of the case, and thus, a merits panel may grant relief denied by a motions panel.

This discussion is a red herring—of course a merits panel may reconsider a previous ruling by a motions panel. *See, e.g.*, *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 176 (5th Cir. 2020) ("[U]nder our circuit's procedures, opinions and orders of a panel with initial responsibility for resolving motions filed in an appeal are not binding on the later panel that is assigned the appeal for resolution."), *cert. denied*, 141 S. Ct. 1124 (2021).

---

[3] In fact, motions are not received by the merits panel unless and until a case has been assigned to the oral argument calendar. *See* 5th Cir. R. 27 I.O.P., *Motions After Assignment to Calendar*.

However, to the extent such reconsideration is done on a party's motion, the procedural posture should be indicated to the merits panel by mentioning the previous ruling and making a case for a different ruling. As we stated in our March 11 Order, there was and is "no legal basis to support Appellees' *post hoc* contention that motions to supplement the record apply only to one stage of an appeal." That is, unless and until the merits panel changes course on the earlier motions panel's order, the motions panel's order remains binding.[4]

Moreover, the fact that appellees' counsel thought that the motion would be received by the merits panel shows that there was *all the more reason for candor*, as the merits panel's composition may be entirely different from the motions panel's composition, and it would have been critical to inform the merits panel of the previous adverse ruling and why counsel thought that it was wrong. The motion for reconsideration filed on behalf of appellees' counsel asserts that "the chance that this Court would not 'learn' of an order

---

[4] If a party seeks to have the merits panel reconsider an issue, the party must disclose relevant rulings that bear on its request. Even the practice guide referred to in the motion for reconsideration states that after an initial motion to supplement the record on appeal has been denied, counsel "may renew [counsel's] request based on changed circumstances." David G. Knibb, *Federal Court of Appeals Manual* § 28:18 (7th ed. Mar. 2021 update). This advice assumes that the advocate has demonstrated candor to the tribunal and that they are making arguments in good faith about changed circumstances.

In sum, a party who disagrees with a motions panel's ruling can move for reconsideration within the time limits outlined in our local rules or can wait until the merits panel takes over and request that the merits panel reconsider the motions panel's ruling. If the party chooses the latter course, the motion to reconsider should outline the reasons why the party thinks the merits panel should take a different course, and—as an absolute necessity—refer to the motions panel's ruling that the party would like reconsidered. Moreover, if a motion intended for the merits panel is inadvertently filed early, as appellees' counsel suggest was the case here, the motions panel receiving it would be much more likely to construe it as a motion for reconsideration intended for the merits panel *if* the motion indicates how the motions panel ruled and why the party believes that the merits panel should rule differently.

entered just a few months earlier in the same appeal is exactly nil." Mot. at 19. That is incorrect, especially where there are similar appeals all filed against the same party as was the case here.[5] More importantly, this argument is beside the point. It was appellees' counsel's duty, when re-urging a previously denied motion, to note the previous denial. Appellees' counsel should have withdrawn their misleading and redundant motion to supplement the record when the error was pointed out to them by their opposing counsel.

## II.

Second, and in the alternative, the sanctions we imposed were justified under 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Our caselaw provides multiple formulations of the standard. *Compare Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002) ("All that is required to support § 1927 sanctions is a determination, supported by the record, that an attorney multiplied proceedings in a case in an unreasonable manner.") (citing *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991)), *with Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (imposing sanctions under Section 1927 "requires that there be

---

[5] There were at least six appeals besides this one—nos. 20-50667, 20-50690, 20-50793, 20-50867, 20-50868, and 20-50907—docketed against defendant Secretary Ruth Hughs between August and October of 2020.

evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court") (citing *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995)).

Even under our strictest articulation of the standard, "reckless disregard of the duty owed to the court" is a sufficient basis to impose sanctions. *See Edwards*, 153 F.3d at 246. Here, at the very least, appellees' counsel recklessly disregarded their duty to the court by failing to demonstrate candor to the court both in their motion to supplement the record and in their merits brief submitted at the same time. In both, they failed to disclose that the motion to supplement had been previously filed or that it was denied. In their merits brief, appellees' counsel disclosed every relevant procedural ruling in the case *except for their previously denied motion to supplement*.

This omission is made more concerning by the context discussed in the Secretary's response to the motion to reconsider sanctions. There, the Secretary points out that in the merits brief filed by appellees' counsel, they inserted material that was not even covered by their motion to supplement— namely post-complaint conduct by the Secretary that was never before the district court. That is, even if we had granted their motion to supplement, the inserted material still would have been extraneous to the record.

The Secretary notes that the duplicative motion to supplement and simultaneous insertion of non-record evidence into the merits brief was not an isolated incident of misconduct. Rather, it followed a troubling pattern that emerged in this and a related appeal—a pattern in which appellees' counsel resorted to inappropriate methods to insert non-record evidence into the appeals.

Back in September 2020, as this order discusses, the motion to supplement the record was denied by this motions panel. Then, appellees' counsel took a different tack in a related appeal, *Texas Democratic Party v.*

No. 20-40643

*Hughs*, No. 20-50667. In that case, they unilaterally filed an addendum to their merits brief containing new, non-record material. Despite evidently understanding in this case that a motion to supplement the record was the proper vehicle for adding non-record material, counsel in that case did not file such a motion and instead merely sought "judicial notice" in a footnote. *See* Brief of Appellees Tex. Democratic Party at 25 n.5, *Tex. Democratic Party v. Hughs*, No. 20-50667 (5th Cir. Dec. 16, 2020).[6] Our precedent of course establishes that parties cannot seek judicial notice as an end-run. *See Bd. of Miss. Levee Comm'rs v. EPA*, 674 F.3d 409, 417 n.4 (5th Cir. 2012) ("[A] party may not avoid the rule against supplementing the record with a document not before the district court by requesting that the appellate court take judicial notice of the document.").[7]

Then, in this case, and unlike in *Texas Democratic Party v. Hughs*, No. 20-50667, appellees' merits brief did not identify this information as evidence that had never been presented to the district court. Nor did the brief offer a footnote attempting to justify the insertion via judicial notice. It appears that appellees' counsel's misunderstanding of the rules curiously increases when, following the rules, they fail to get what they want.

\*　　\*　　\*

The motion for reconsideration is GRANTED in part and sanctions are VACATED for attorneys Madduri, Osher, and Command. The motion

---

[6] The brief was signed by Skyler M. Howton. Marc E. Elias was the lead attorney, and Stephanie I. Command was also on the signature block.

[7] The Secretary moved to strike the addendum, a motion that was ultimately denied as moot when our court issued its opinion reversing the district court's denial of the Secretary's sovereign immunity defense and remanding with instructions to dismiss for lack of subject matter jurisdiction. *See Tex. Democratic Party v. Hughs*, No. 20-50667, 2021 WL 2310010, at \*1 n.1 (5th Cir. June 4, 2021).

No. 20-40643

for reconsideration is DENIED as to attorneys Elias, Spiva, and Howton. It is SO ORDERED.