No. 20-40643

# In the United States Court of Appeals for the Fifth Circuit

---

Texas Alliance for Retired Americans; Sylvia Bruni; DSCC; DCCC,

*Plaintiffs-Appellees*,

*v.*

Ruth Hughs, in her official capacity as the Texas Secretary of State,

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Southern District of Texas, Laredo Division

---

### Appellant's Motion for Determination of Attorneys' Fees and Costs

---

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Judd E. Stone II<br>Solicitor General<br>judd.stone@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | Office of the Texas Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697<br><br>Counsel for Defendant-Appellant<br>Ruth Hughs |

# Certificate of Interested Persons

No. 20-40643

Texas Alliance for Retired Americans; Sylvia Bruni; DSCC; DCCC,

*Plaintiffs-Appellees*,

*v.*

Ruth Hughs, in her official capacity as the Texas Secretary of Texas,

*Defendant-Appellant.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, appellant, as a governmental party, need not furnish a certificate of interested persons.

/s/ Judd E. Stone II
Judd E. Stone II
*Counsel of Record for*
*Defendant-Appellant Ruth Hughs*

i

## Introduction

Appellant Ruth Hughes, in her official capacity as the Texas Secretary of State ("Secretary"), submits this Motion for Determination of Attorneys' Fees and Costs in connection with the Court's order of March 11, 2021. That order granted the Secretary's motion to sanction Plaintiffs' lawyers based upon the lawyers' filing of a successive motion to supplement the record that was nearly identical to a motion that had already been denied by the Court. *See Tex. Alliance for Retired Americans v. Hughs*, No. 20-40643 (Order of Mar. 11, 2021). The Court ordered Plaintiffs' lawyers to pay: (i) reasonable attorneys' fees and court costs incurred by the Secretary in connection with Plaintiffs' duplicative motion; and (ii) double costs under 28 U.S.C. § 1927. *Id.*[1]

Determining a reasonable attorney's fee begins with calculating the attorney's lodestar. That figure is ascertained by multiplying the number of hours the attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work performed. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486,

---

[1] The March 11, 2021 order was modified in part by the Court's order of June 30, 2021, which vacated the sanctions solely as to Plaintiffs' more junior lawyers. *Id.* (Order of June 30, 2021). But the order of March 11, 2021 remains in effect as to Plaintiffs' lawyers Elias, Spiva, and Howton. *Id.* Because the order appears to apply the Court's ordinary rules regarding costs, Appellant's motion is limited to the portion of the order addressing fees. She will submit a bill of costs at the time designated by local rule.

490 (5th Cir.2012)). There is a strong presumption that the lodestar amount is reasonable. *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

Under certain circumstances, the Court may decrease or enhance the lodestar amount based on the relative weight of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases. *Von Clark v. Butler*, 916 F.2d 255, 258 n.3 (5th Cir. 1990). But "[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black*, 732 F.3d at 502.

Accordingly, the Secretary submits the attached declarations of Judd E. Stone II and Lanora C. Pettit to establish lodestar figures for the attorneys who spent time responding to Plaintiffs' duplicative motion to supplement the record. These figures account for attorney hours spent responding to Plaintiffs' motion and cross-moving for sanctions, along with attorney hours spent responding to Plaintiffs' motion for reconsideration of the March 11, 2021 order. As shown in the attached declarations, the *Johnson* factors are irrelevant or otherwise already factored into the initial

calculation of each attorney's lodestar. The total amount requested by the Secretary for the work performed is $8,700.

## Conclusion

The Court should award the Secretary reasonable attorneys' fees of $8,700 as demonstrated in this motion and the attached declarations of Judd E. Stone II and Lanora C. Pettit.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

/s/ Judd E. Stone II
Judd E. Stone II
Solicitor General
judd.stone@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Counsel for Defendant-Appellant Ruth Hughs

## Certificate of Conference

On September 29, 2021, pursuant to Fifth Circuit Rule 27.4, undersigned counsel advised counsel for Plaintiffs-Appellees that Defendant-Appellant intended to file the foregoing motion. Counsel for Plaintiffs-Appellees advised that they defer regarding whether they oppose the motion until after they see it.

/s/ Judd E. Stone II
Judd E. Stone II

## Certificate of Service

On October 4, 2021, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Judd E. Stone II
Judd E. Stone II

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 639 words, excluding the parts of the motion exempted by rule; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Judd E. Stone II
Judd E. Stone II