## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

TEXAS ALLIANCE FOR RETIRED AMERICANS; SYLVIA BRUNI; DSCC; DCCC,

     *Plaintiffs-Appellees*,

     v.

RUTH HUGHS, in her official capacity as the Texas Secretary of State,

     *Defendant-Appellant.*

No. 20-40643

## PETITION FOR REHEARING EN BANC ON BEHALF OF MOVANTS MARC E. ELIAS, BRUCE V. SPIVA, SKYLER M. HOWTON

s/Paul D. Clement
PAUL D. CLEMENT
 *Counsel of Record*
MATTHEW D. ROWEN
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
paul.clement@kirkland.com

*Counsel for Movants Marc E. Elias, Bruce V. Spiva, and Skyler M. Howton*

December 27, 2021

## CERTIFICATE OF INTERESTED PERSONS

1.      No. 20-40643, *Texas Alliance for Retires Americans, et al. v. Hughs*

2.      The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case:

### Plaintiffs-Appellees

    a.  Texas Alliance for Retired Americans
    b.  Sylvia Bruni
    c.  DSCC
    d.  DCCC

### Other Parties

    a.  Texas Democratic Party
    b.  Jessica Tiedt

*The following attorneys have appeared on behalf of Plaintiffs-Appellees before this Court or the District Court:*

Bruce V. Spiva
Stephanie I. Command
Emily R. Brailey[*]
PERKINS COIE LLP
700 Thirteenth Street, N.W.
Suite 800
Washington, D.C. 20005-3960

Skyler M. Howton
PERKINS COIE LLP
500 North Akard Street
Suite 3300
Dallas, TX 75201-3347

Marc E. Elias
Lalitha D. Madduri
Daniel C. Osher
ELIAS LAW GROUP, L.L.P.
10 G Street, N.E.
Suite 600
Washington, D.C. 20002

---

[*] Ms. Brailey, who did not appear in this Court, is no longer in private practice.

**Defendant-Appellant**

    a.  Ruth Hughs, Texas Secretary of State

*The following attorneys have appeared on behalf of Defendant-Appellant either before this Court or in the District Court:*

Ken Paxton
Jeffrey C. Mateer
Ryan L. Bangert
Patrick K. Sweeten
Todd Lawrence Disher
William T. Thompson
Matthew H. Frederick
Kyle D. Hawkins
Judd Stone
OFFICE OF THE TEXAS
    ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548

**Individuals Subject to Sanctions**

    a.  Marc E. Elias
    b.  Bruce V. Spiva
    c.  Skyler M. Howton

*The following attorneys are appearing before this Court solely on behalf of the Movants, i.e., Individuals Subject to Sanctions, not Plaintiffs-Appellees:*

Paul D. Clement
Matthew D. Rowen
KIRKLAND & ELLIS LLP
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

                                /s/ Paul D. Clement
                                Paul D. Clement

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................................... i

TABLE OF AUTHORITIES ...................................................................................... iv

INTRODUCTION AND RULE 35 STATEMENT ................................................... 1

ISSUE MERITING EN BANC CONSIDERATION ............................................... 2

BACKGROUND ....................................................................................................... 2

REASONS FOR GRANTING THE PETITION ...................................................... 7

I.    The Conduct For Which Movants Were Sanctioned Was A Result Of Good-Faith Misunderstandings About Unsettled Procedural Rules .............. 8

II.   Appellate Sanctions Are Generally Reserved For Egregious Misconduct ...................................................................................................11

III.  En Banc Review And Vacatur Of The Sanctions Order Is Warranted.......... 14

CONCLUSION ....................................................................................................... 16

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## Cases

*Blackwell v. Dep't of Offender Rehab.*,
    807 F.2d 914 (11th Cir. 1987) ...........................................................13

*Cruz v. Fulton*,
    714 F.App'x 393 (5th Cir. 2018)...........................................................6

*FDIC v. Conner*,
    20 F.3d 1376 (5th Cir. 1994) ...............................................................11

*In re Plaza-Martínez*,
    747 F.3d 10 (1st Cir. 2014) ........................................................ 13, 14

*In re Ray*,
    951 F.3d 650 (5th Cir. 2020)...............................................................12

*Lawyers Title Ins. Corp. v. DoubleTree Partners, LP*,
    739 F.3d 848 (5th Cir. 2014)...............................................................11

*Level 3 Commc'ns, LLC v. United States*,
    724 F.App'x 931 (Fed. Cir. 2018).......................................................13

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*,
    935 F.3d 573 (7th Cir. 2019)...............................................................13

*Montalto v. Miss. Dep't of Corr.*,
    938 F.3d 649 (5th Cir. 2019)...............................................................14

*Purcell v. Gonzalez*,
    U.S. 1 (2006)...........................................................................................2

*Richardson v. Tex. Sec'y of State*,
    978 F.3d 220 (5th Cir. 2020)..................................................................9

*Tex. Democratic Party v. Abbott*,
    978 F.3d 168 (5th Cir. 2020).............................................................1, 9

*U.S. ex rel. Holmes v. Northrop Grumman Corp.*,
    642 F.App'x 373 (5th Cir. 2016).........................................................12

iv

*Union Pump Co. v. Centrifugal Tech. Inc.*,
  404 F.App'x 899 (5th Cir. 2010)..........................................................11

*United States v. City of Jackson*,
  359 F.3d 727 (5th Cir. 2004)..............................................................12

*W. Elec. Co. v. Milgo Elec. Corp.*,
  568 F.2d 1203 (5th Cir. 1978)..............................................................9

*White v. Apollo Grp.*,
  163 F.App'x 255 (5th Cir. 2005)..........................................................6

**Statute**

28 U.S.C. §1927 ...................................................................................4

**Rules**

5th Cir. R. 35 I.O.P. ............................................................................7

Fed. R. App. P. 40................................................................................7

**Other Authorities**

16AA Wright & Miller, *Fed. Prac. & P. Juris.* §3973.3 (5th ed. April 2021).........10

David G. Knibb, *Fed. Ct. App. Manual* §28:18 (7th ed. Mar. 2021)......................10

Dylan Jackson, *Fifth Circuit Sanctions Democratic Election Lawyer Marc Elias in Texas Voting Case*, The Am. Lawyer (Mar. 15, 2021), https://bit.ly/3tzJOaS....15

*Perkins Coie in the Dock*, Wall St. J. (Mar. 16, 2021),
  https://on.wsj.com/2NzEViG ..............................................................15

Press Release, Office of the Att'y Gen. of Tex., *AG Paxton: Fifth Circuit Issues Sanctions Against Perkins Coie* (Mar. 12, 2021), https://bit.ly/3944Arw..........14

## INTRODUCTION AND RULE 35 STATEMENT

Appellate courts generally reserve sanctions for egregious misconduct and disregard of clearly established rules. But not here. By a 2-1 vote, a motions panel sanctioned counsel based on good-faith mistakes borne of misapprehension of complex rules of procedure, despite substantial authority pointing the other way.

While motions-panel collateral orders on sanctions are rarely the stuff of en banc petitions, rarer still is an order imposing sanctions for violations of complex and debatable procedural rules. Neither this Circuit nor any other had ever before imposed sanctions for misapprehending the proper way to tee up for a merits panel an issue resolved by a motions panel in connection with a stay application. Nor had this Circuit or any other indicated that a motions-panel denial of a procedural motion required a reconsideration motion. To the contrary, this Circuit had indicated many times that such rulings are "not binding on the later panel that is assigned the appeal for resolution." *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 176 (5th Cir. 2020).

In the context of this unprecedented decision to impose sanctions, full Court review is warranted. Granting the petition would give this Court an opportunity to clarify the underlying procedural issue, bring its sanctions jurisprudence back in line with the law of its sister Circuits, and eliminate the chilling effect of the sanctions here. The Court should grant the petition.

## ISSUE MERITING EN BANC CONSIDERATION

Whether the imposition of sanctions for a good-faith mistake about the proper application of complicated and unclear procedural rules was warranted.

## BACKGROUND

**A.**     On September 25, 2020, the district court granted Plaintiffs' motion for a preliminary injunction. ROA.1661-1704. Defendant promptly asked this Court to stay the injunction pending appeal. Doc.00515581091. Defendant argued that although "the district court found" that Plaintiffs had "standing" sufficient for a preliminary injunction, it did so "based entirely on the allegations in Plaintiffs' complaint," which she argued "was erroneous" and dispositive. *Id.* at 8.

A motions panel (Clement, Elrod, and Haynes, JJ.) entered an administrative stay on September 28, 2020, and ordered Plaintiffs to respond the next day. Doc.00515583262.    Plaintiffs did so.    Doc.00515583344.    Alongside their opposition, Plaintiffs filed a motion to supplement the record, requesting leave to file three declarations designed to substantiate the complaint's standing allegations and answer Defendant's concern about a lack of record evidence. Doc.00515583497 at 4-5. On September 30, Defendant filed a reply, and the motions panel issued an eight-page per curiam opinion on behalf of all three judges staying the injunction pending appeal, largely based on the *Purcell* principle. Doc.00515585161. *See generally Purcell v. Gonzalez*, 549 U.S. 1 (2006). The motions panel noted "some

concerns" about standing, but clarified that it was not resolving the issue, instead deferring it to the "merits panel." Doc.00515585161 at 4 n.1. That same day (September 30, 2020), and before Defendant filed a response, Plaintiffs' motion to supplement the record was denied in a single-sentence, single-Judge order that did not specify any particular ground for the denial. Doc.00515584027.

      **B.**    The case then proceeded with briefing directed to the merits panel. Defendant's opening brief renewed the argument that the record did not support standing. Doc.00515702648. In an effort to respond to Defendant's renewed lack-of-record-evidence standing argument, Plaintiffs filed alongside their response brief a motion to supplement the record, requesting leave to file the same three declarations they had attached to their earlier unsuccessful motion during the stay proceedings. Doc.00515741367. This new motion did not advert to the earlier motion or affirmatively seek reconsideration of the earlier denial. *See id.* at 4-6.

      Two days later, Defendant's counsel sent Movants an email indicating that Defendant viewed the motion as an improper and untimely reconsideration motion and would move for sanctions that day. *See* Doc.00515761093, Exh. 1. Defendant's counsel did not suggest that they would withhold their sanctions motion if Plaintiffs amended their motion to advert to the earlier denial. *Id.*

      Defendants filed the sanctions motion, and after it was fully briefed, the motions panel entered a per curiam order on March 11, 2021, denying Plaintiffs'

motion to supplement the record, granting Defendant's "motion to strike portions of Appellees' brief that improperly reference non-record material," and granting Defendant's motion for sanctions. Doc.00515777153 at 1-2 & n.*. Judge Haynes voted to deny the motion for sanctions. *Id.* at 1.

The majority concluded that counsel's "failure to disclose the earlier denial of their motion" was "inexplicable" and "violated their duty of candor to the court," *id.* at 2, and that the decision not to "withdraw[] their motion" immediately after Defendant signaled an intent to move for sanctions "multiplied the proceedings unreasonably and vexatiously," *id.* at 2-3. It also indicated that the proper way to tee up for the merits panel an issue resolved by a single-Judge order is to "fil[e] [a] motion[] for reconsideration" within "the fourteen-day window … set forth in Federal Rule of Appellate Procedure 40(a)(1) and Fifth Circuit Rules 27.2 and 40." *Id.* at 2. The panel ordered each of "[t]he attorneys listed on the February 10, 2021 motion" to pay "(i) the reasonable attorney's fees and court costs incurred by Appellant with respect to Appellees' duplicative February 10, 2021 motion, to be determined by this court following the filing of an affidavit by Appellant and any response by Appellees, and (ii) double costs." *Id.* at 3 (citing, *inter alia*, 28 U.S.C. §1927); *see also* 5th Cir. Dkt. Entry, Mar. 11, 2021 (listing the attorneys subject to the sanctions order). The panel encouraged review of the rules concerning the duty of candor to the court and continued legal education directed to that duty.

Doc.00515777153 at 3.  Finally, the panel noted that "[f]urther violations of this court's rules may subject the attorneys to further sanctions under this court's inherent powers." *Id.*

The sanctioned attorneys retained counsel and promptly sought reconsideration via a motion that expressly and "sincerely apologize[d]" for the error.  Doc.00515797093 at 1, 7, 22.  The motions panel granted reconsideration in part, vacating the sanctions as to the more junior attorneys, but leaving them in place as to attorneys Elias, Spiva, and Howton.  Doc.00515920054 at 7.  In the course of its reconsideration opinion, the panel described Movants' argument that "a motions panel ruling is not the law of the case" as "a red herring." *Id.* at 3.  Judge Haynes again dissented in part:  "[A]s she stated in the original ruling, she disagrees with granting the sanctions.  Thus, she would grant reconsideration in full …." *Id.* at 1 n.*.

On October 4, 2021, Defendant filed a motion for determination of attorneys' fees and costs, as contemplated by the March 11 sanctions order (as modified by the June 30 reconsideration decision).  Doc.00516041294.  An opposition disputing the amount sought (Doc.00516055865) and a reply brief (Doc.00516058526) were filed.  The Clerk of Court entered an Order "at the direction of the Court" on December 13, granting Defendant's "motion for determination of attorneys' fees in the amount of $8,700" and ordering Defendant to "submit a bill of costs with respect to Appellees'

duplicative motion on or before December 27." Doc.00516128307 at 1. Counsel for Defendant notified the Court on December 22 that it has no taxable costs "specific to" the second motion to supplement. Doc.00516142771.

While the December 13 Order definitively fixing the amount that attorneys Elias, Spiva, and Howton must pay as sanctions appears final as to them, the underlying appeal involving the parties remains pending, presumably before a "merits panel," which will resolve the appeal, including the standing issue. At this point, however, there has been no indication on the docket that the case has been scheduled for oral argument or formally assigned to a merits panel.

**C.**     Although the highly unusual procedural posture here—a sanctions order against lawyers issued by a motions panel while the underlying dispute between the parties remains pending (presumably) before a different panel—makes the matter not entirely free from doubt, Movants believe the December 13 Order is ripe for en banc purposes for at least two reasons.

First, in the more common situation where a district court imposes sanctions against lawyers while the parties continue to litigate the merits in district court, it is clear that the sanctions order becomes an immediately appealable collateral order once the amount of the sanction is fixed. *See, e.g., Cruz v. Fulton*, 714 F.App'x 393, 396 (5th Cir. 2018); *White v. Apollo Grp.*, 163 F.App'x 255, 256-57 (5th Cir. 2005).

By parity of reasoning, the sanctions order against the lawyers here is collateral, and rehearing en banc need not await resolution of the merits of the parties' appeal.

Second, while not addressing this specific and highly unusual situation, the applicable appellate rules support the same result. While rehearing petitions typically must await "entry of judgment" in the ordinary course, Fed. R. App. P. 40(a)(1), the sanctions order is final as to the Movants, and there will no subsequent "entry of judgment" as to them. This Court's Internal Operating Procedures also contemplate that rehearing en banc is available when a motions panel grants or denies a stay "pursuant to Fed. R. App. P. 8," 5th Cir. R. 35 I.O.P, even though in such circumstances there will be a subsequent judgment on appeal between the same parties. The same result would seem to follow here, *a fortiori*, when the sanctions order is the last order directed to the Movants, who are not themselves parties to the underlying appeal. In this context, Movants understand the December 13 order fixing the amount of fees to be imposed as sanctions to be the order that began the 14-day period within which to seek rehearing.[2]

## REASONS FOR GRANTING THE PETITION

This Court should grant en banc review to clarify the underlying rules for presenting issues to merits panel previously addressed by a motions panel and to

---

[2] To the extent the Court disagrees and concludes that the sanctions order is not final and could be reconsidered anew by the merits panel, Movants respectfully request that the Court clarify that such review is available.

reaffirm that appellate sanctions are reserved for egregious misconduct and disregard of clearly established rules, rather than regrettable omissions.

## I. The Conduct For Which Movants Were Sanctioned Was A Result Of Good-Faith Misunderstandings About Unsettled Procedural Rules.

Movants were not sanctioned for willful disregard of well-established rules about common and recurring litigation dynamics. Even the most experienced litigators will not often confront the dynamic here—a motion to supplement the record to respond to a standing objection denied by a motions panel that grants a stay but defers the standing question to a merits panel. In that unusual circumstance, there has to be some available mechanism to allow the merits panel to consider whether it wants to grant a motion to supplement the record to inform its consideration of the standing question. The March 11 sanctions order here indicates that a motions-panel denial *is* law of the case and that the proper vehicle is a motion for reconsideration that necessarily adverts to the earlier denial for which reconsideration is sought. But that kind of clear guidance was lacking when Movants confronted this question—and what guidance was available suggested that the motions-panel denial was *not* law of the case. And if the motions-panel denial is not law of the case and the merits panel is free to consider de novo whether it would find it helpful to have the record supplemented on a standing issue the motions panel did not decide, then it seems less critical to advert to the motions-panel denial. That would seem particularly true when the denial provides no reasoning that could

be addressed in the motion directed to the merits panel, and when the fact of the denial is evident on the face of the docket (and adverted to in Defendant's opening merits brief). To be sure, even in that situation the better practice would be to advert to the earlier denial. But the omission of a ruling that is not law of the case, furnishes no reasoning to confront, and is evident on the docket, does not rise to the level of sanctionable misconduct.

At the time Movants confronted this unusual procedural conundrum, the law seemed to point strongly in the direction of the motions-panel denial not being law of the case. First, caselaw both inside and outside this Circuit indicated that merits panels "must make a de novo determination of jurisdiction" even if a motions panel has already weighed in on the issue. *W. Elec. Co. v. Milgo Elec. Corp.*, 568 F.2d 1203, 1206 & n.6 (5th Cir. 1978). Second, this Court had held that "under our circuit's procedures, opinions and orders of a panel with initial responsibility for resolving motions filed in an appeal are not binding on the later panel that is assigned the appeal for resolution." *Tex. Democratic Party*, 978 F.3d at 176; *see also Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 244 (5th Cir. 2020) (Higginbotham, J., concurring) (likening "a decision by [a] motions panel" to "a writing in water" without impact "on the merits panel"). Third, well-respected treatises indicated that a single-judge order from a motions panel was not law of the case binding the merits panel. *See* 16AA Wright & Miller, *Fed. Prac. & P. Juris.* §3973.3 (5th ed. April

2021) (advising that "a single appellate judge's decision does not establish law of the case"). Indeed, the most on-point treatise endorses the view that a "merits panel may allow you to supplement" the record even "after a motion panel has denied" "your initial request to supplement the record on appeal." David G. Knibb, *Fed. Ct. App. Manual* §28:18 (7th ed. Mar. 2021). In light of all this on-point authority suggesting that the motions-panel denial was not law of the case, the failure to advert to it falls into the category of regrettable—and, here, publicly regretted, *see* Doc.00515797093 at 1, 7, 22—mistakes, not sanctionable misconduct.

To be sure, a majority of the motions panel took a different view, such that a motions-panel denial is binding unless and until a motion for reconsideration is granted. *See* Doc.00515777153 at 2; Doc.00515920054 at 3-4 & n.4. And on that understanding, a failure to advert to the earlier denial would be both inexplicable (how could one seek reconsideration of an order without adverting to it?) and a violation of a lawyer's duty of candor to the court. But that understanding of a motions-panel denial as "binding," Doc.00515920054 at 4, appears to create a confusing intra-circuit split on a question that should be clear—and should not provide a basis for sanctions until it is clear.

To the extent the motions-panel majority sanctioned Movants for failing to advert to the earlier denial without regard to whether it was law of the case, that is even more problematic. While the better practice would have been to advert to the

10

earlier denial as part of the procedural history relevant to the motion if nothing else, the failure to advert to a ruling that is not law of the case, provides no reasoning to be addressed, and is reflected on the docket is not a sanctionable violation of the duty of candor.[3]

## II.     Appellate Sanctions Are Generally Reserved For Egregious Misconduct.

As this Court has long recognized, "the imposition of sanctions under the court's inherent power is powerful medicine that should be administered with great restraint," *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F.App'x 899, 906 (5th Cir. 2010), and the same is true for sanctions imposed under 28 U.S.C. §1927, *see Lawyers Title Ins. Corp. v. DoubleTree Partners, LP*, 739 F.3d 848, 872 (5th Cir. 2014) ("Section 1927 sanctions should be employed 'only in instances evidencing a serious and standard disregard for the orderly process of justice....'" (quoting *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)). The missteps that led to the offending

---

[3] One datum supporting that conclusion is that Defendant recently made a similar misstep in district court in another case. In *Vote.org v. Callanen*, No. 5:21-cv-00649 (W.D. Tex. filed July 8, 2021), a municipal defendant argued in its motion to dismiss that the plaintiff fails the injury-in-fact requirement of standing. The court explicitly rejected that argument in denying the motion. Dkt.49. The Attorney General later filed its own motion to dismiss in which lack of injury in fact was its principal argument, without adverting to the earlier denial. Dkt.53 at 4-7. While one could distinguish the situations, the point of noting this is not to cast aspersions on Defendant or suggest that its failure to advert to the earlier ruling was sanctionable; far from it. The point is that these kind of errors, while regrettable, are unavoidable even in more routine procedural postures and not the province of sanctions.

filing here are materially different from the types of misconduct previously found sanctionable by this Court or any other federal court of appeals.

Consistent with the appropriately narrow purchase of sanctions, this Court had never before imposed duty-of-candor sanctions based solely on omissions. *See, e.g.*, *United States v. City of Jackson*, 359 F.3d 727, 732 n.9 (5th Cir. 2004). Nor has this Court ever upheld district-court sanctions based on omissions, notwithstanding the deferential standard of review. Instead, the few instances in which this Court has upheld duty-of-candor sanctions involved unequivocal sins of commission that lacked any colorable justification. *See, e.g.*, *In re Ray*, 951 F.3d 650, 651-55 (5th Cir. 2020) (affirming sanctions against attorney whose "fraud, misrepresentation, and misconduct" reflected "an attorney completely devoid of an ethical or moral sense of right and wrong"); *U.S. ex rel. Holmes v. Northrop Grumman Corp.*, 642 F.App'x 373, 375-78 (5th Cir. 2016) (affirming sanctions against attorney who filed suit using documents covered by a protective order he himself had procured in a separate-but-related pending case).

Decisions imposing sanctions for failing to disclose *prior rulings in the same case and other facts reflected on the docket* are rarer still. We are aware of zero prior decisions of any federal appellate court imposing sanctions for such an omission, whether under a court's inherent power, §1927, or Model Rule 3.3, and just one (out-of-circuit) case upholding a district court's imposition of sanctions for such an

omission. *See Blackwell v. Dep't of Offender Rehab.*, 807 F.2d 914, 915-16 (11th Cir. 1987) (per curiam) (lawyer failed to disclose in his attorneys' fees motion that the parties' settlement expressly released all claims for fees, and the attorney offered no theory why the settlement and prior court order did not preclude his motion). More typically, sanctions for such omissions are either denied outright or reversed on appeal as an abuse of discretion. *See, e.g.*, *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 584 (7th Cir. 2019) (reversing duty-of-candor sanctions given "the absence of either affirmative representations or material omissions in the response," while noting that counsel "should have brought" the relevant "supporting materials" to the district court's attention); *Level 3 Commc'ns, LLC v. United States*, 724 F.App'x 931, 936 (Fed. Cir. 2018) (reversing duty-of-candor sanctions after government attorney's omission left district court with the misimpression that a critical project would not be performed, because the attorney's nondisclosure did not evince "the conscious doing of wrong"); *In re Plaza-Martínez*, 747 F.3d 10, 11-14 (1st Cir. 2014) (reversing duty-of-candor sanctions while acknowledging that the district court was not unreasonable in thinking that "the appellant had been indulging in gamesmanship").

Finally, sanctions imposed directly by appellate courts are rare for sound practical reasons. Unlike trial courts that oversee proceedings that can last for years with frequent counsel appearances that allow the presiding judge to provide

13

warnings and assess a pattern of misconduct, appellate courts generally interact with

lawyers only episodically and typically observe lawyers in action only once (or not

at all in the context of most motions panels, which explains why we have been able

to identify only a couple of cases in which a motions panel issued sanctions).  For

these reasons, sanctions imposed by appellate courts are generally reserved for

egregious misconduct and the repeated violation of well-established rules.

## III.    En Banc Review And Vacatur Of The Sanctions Order Is Warranted.

As noted, appellate sanctions have traditionally been reserved for egregious

misconduct.  That, in turn, means that the imposition of appellate sanctions has an

outsized stigmatizing effect.  "[I]n this day and age," "sanctions are a badge of

reprobation that can haunt an attorney throughout his or her career.  They can have

ramifications that go far beyond the particular case." *Plaza-Martínez*, 747 F.3d at

11-14.  Orders imposing sanctions are therefore always a big deal, even when the

dollars-and-cents portion of a sanctions award is minor.  After all, "one's

professional reputation is a lawyer's most important and valuable asset." *Montalto

v. Miss. Dep't of Corr.*, 938 F.3d 649, 651 (5th Cir. 2019).  The ramifications of the

sanctions order here have been swift and unrelenting.  The sanctions order was the

subject of a press release issued by the State of Texas, *see* Press Release, Office of

the Att'y Gen. of Tex., *AG Paxton: Fifth Circuit Issues Sanctions Against Perkins

Coie* (Mar. 12, 2021), https://bit.ly/3944Arw, and significant attention from news

outlets across the country, *see, e.g.*, *Perkins Coie in the Dock*, Wall St. J. (Mar. 16, 2021), https://on.wsj.com/2NzEViG; Dylan Jackson, *Fifth Circuit Sanctions Democratic Election Lawyer Marc Elias in Texas Voting Case*, The Am. Lawyer (Mar. 15, 2021), https://bit.ly/3tzJOaS.

Finally, the justification for granting en banc review and vacating the sanctions order goes well beyond the interests of the Movants here. First, this Court should grant en banc review to clarify the status of motions-panel denials of motions to supplement the record and comparable motions. As things now stand, an unpublished per curiam order directs lawyers to file motions for reconsideration, while published opinions suggest such filings are unnecessary. If the consequence of choosing the wrong vehicle is career-affecting sanctions, then definitive clarification is imperative. Second, the sanctions order here sends a chilling message to the bar. Appellate motion practice is relatively unfamiliar territory for many litigators, and negotiating the interactions between motions- and merits-panels is terra incognita for all but a few practitioners. If appellate sanctions are not reserved for egregious errors in derogation of clear rules, but instead extend to regrettable omissions, then the practice of law will become stultified and clients will be charged for countless unnecessary cross-checks. The far better path is to sanction only true outliers and to forgive and clarify when it comes to regrettable omissions.

## CONCLUSION

The full Court should grant the petition and vacate the sanctions order.

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
 *Counsel of Record*
MATTHEW D. ROWEN
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
paul.clement@kirkland.com

*Counsel for Movants Marc E. Elias,*
*Bruce V. Spiva, and Skyler M. Howton*

December 27, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system.  I did so with the express permission of Paul D. Clement, counsel of record for Movants in this matter.  I certify that all participants in this case, including Movants, are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

s/Bruce V. Spiva
Bruce V. Spiva

## CERTIFICATE OF COMPLIANCE

I certify that:

1) This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 3,751 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Circuit Rule 32.2.

2) This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

3) Any required privacy redactions have been made pursuant to Circuit Rule 25.2.13, the electronic submission is an exact copy of the paper submission, and the motion has been scanned for viruses using Windows Defender and is free of viruses.


December 27, 2021

s/Paul D. Clement
Paul D. Clement